UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC FLINT,<br><br>                    Petitioner(s),<br><br>     v.<br><br>SEATTLE RESIDENTIAL REENTRY<br>MANAGEMENT OFFICE, et al.,<br><br>                    Respondent(s). | CASE NO. C26-1748-KKE<br><br>ORDER CONSTRUING AND DENYING<br>IN PART MOTION FOR EXPEDITED<br>REVIEW AND DIRECTING A RESPONSE |

On May 21, 2026, the Court received Petitioner's petition for writ of habeas corpus, along with a motion for expedited review, seeking a Court order correcting his release date. Dkt. Nos. 1–2. According to Petitioner, he should be released from home confinement on May 22, 2026, but the Bureau of Prisons has not updated its system to reflect that date, instead scheduling him to be released on June 8, 2026. Dkt. No. 1 at 2.

Because Petitioner alleges that he should be released tomorrow, and thus would suffer harm without expedited consideration of his petition, and because Petitioner is representing himself, the Court will liberally construe his motion for expedited review as a motion for a temporary restraining order ("TRO"). In order to succeed on a motion for TRO, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving

ORDER CONSTRUING AND DENYING IN PART MOTION FOR EXPEDITED REVIEW AND DIRECTING A
RESPONSE - 1

party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Heightened showings are required if a party requests that a TRO be issued without notice to the adverse party, however, as explained in the Local Rules:

> Motions for [TROs] without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted. Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion. The motion must also include contact information for the opposing party's counsel or for an unrepresented party.

Local Rules W.D. Wash. LCR 65(b)(1). Federal Rule of Civil Procedure 65(b)(1)(A) provides that a court may issue a TRO without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]"

Here, Petitioner does not explicitly request that the Court issue the TRO *ex parte*, nor has he satisfied the requirements for the issuance of a TRO without notice to the Government. Nonetheless, Petitioner contends that if he is not released tomorrow, any period of detention after that time will be unlawful. Dkt. No. 1 at 3. Unlawful detention beginning tomorrow is certainly an imminent harm. Yet the petition also requests that in the alternative, the Court should order the Government to "credit any time Petitioner spends on home confinement PAST May 22, 2026 toward [his] term of supervised release[.]" Dkt. No. 1 at 5. The petition thus contemplates that the harm of unlawful detention may not be entirely irreparable. Moreover, without a response and supporting documentation from the Government, the Court cannot evaluate the likelihood of Petitioner's success on the merits.

ORDER CONSTRUING AND DENYING IN PART MOTION FOR EXPEDITED REVIEW AND DIRECTING A RESPONSE - 2

Accordingly, the Court denies Petitioner's motion in part, to the extent it requests *ex parte* relief, but orders the Government to respond to the motion consistent with Local Rule 65.  The Court will then resolve the motion after hearing from the Government.

Dated this 21st day of May, 2026.

Kymberly K. Evanson
United States District Judge

ORDER CONSTRUING AND DENYING IN PART MOTION FOR EXPEDITED REVIEW AND DIRECTING A RESPONSE - 3