UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC FLINT,<br><br>                    Petitioner(s),<br><br>        v.<br><br>SEATTLE RESIDENTIAL REENTRY<br>MANAGEMENT OFFICE, et al.,<br><br>                    Respondent(s). | CASE NO. C26-1748-KKE-BAT<br><br>ORDER DISMISSING HABEAS PETITION<br>AS MOOT |

On May 21, 2026, the Court received Petitioner's petition for writ of habeas corpus, along with a motion for expedited review, seeking a Court order correcting his release date. Dkt. Nos. 1–2. According to Petitioner, he should be released from home confinement on May 22, 2026, but the Bureau of Prisons has not updated its system to reflect that date, instead scheduling him to be released on June 8, 2026. Dkt. No. 1 at 2. On May 22, 2026, the Government responded to the petition, notifying the Court that Petitioner was released that morning. Dkt. No. 7.

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Deakins v. Monaghan,* 484 U.S. 193, 199 (1988). A case or controversy must exist throughout all stages of litigation. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). If at any time during the course of litigation a plaintiff ceases to suffer, or be threatened with, "an actual injury traceable to the defendant," and that is "likely to be redressed by a favorable judicial

ORDER DISMISSING HABEAS PETITION AS MOOT - 1

decision," the matter is moot. *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)).

Petitioner has now received the relief he requested in his petition, and a favorable decision from this Court would not afford him relief from the alleged injury. His petition does not allege any collateral consequences that would continue to present a live controversy post-release. *See, e.g.*, *Spencer*, 523 U.S. at 7–8 ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."). Accordingly, the Court DISMISSES AS MOOT the habeas petition.

Dated this 22nd day of May, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DISMISSING HABEAS PETITION AS MOOT - 2